15026

## L. D. JENNINGS, INC., v. BRICE

(7 S. E. (2d), 458)

August, 1939.

*Mr. M. M. Weinberg,* for appellant,

*Messrs. L. D. Jennings* and *A. S. Merrimon,* for respondent,

February 26, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The plaintiff brought his action in the Magistrate's Court for Sumter County, which Court, by special statute, has jurisdiction in civil actions to the amount of $1,000.00. The action was in claim and delivery for the recovery of the possession of "twelve shoats, recently purchased by him from the defendant." The property was of the value of $48.00. It was alleged that defendant had unlawfully taken possession thereof, and unlawfully retained possession. Plaintiff demanded judgment for the return of the possession of the property, and if that cannot be had, then for $48.00, the value thereof, and $100.00 damages.

For answer, defendant set up (1) a general denial; (2) that the property in dispute is his, no contract for the sale and purchase thereof having been completed between the parties; and (3) that the property was turned over to him by permission, consent and direction of the plaintiff, through its agent, one Neyle.

The case was heard by Magistrate Reynolds, with a jury, and resulted in a verdict for the defendant. On appeal to the Court of Common Pleas, this judgment was reversed and the case was remanded to the Magistrate's Court with direction to enter judgment for the plaintiff. From this order of the Court of Common Pleas the appeal comes to this Court.

On the trial in the Court of the magistrate the testimony, questions and issues interjected, and arguments took a wide range. In our judgment one question decides the whole issue, viz.: Was there a valid contract of sale and purchase effected between plaintiff and defendant?

A synopsis of the evidence shows that defendant offered to sell and plaintiff to purchase the "shoats" at the price of $48.00; plaintiff instructed defendant to deliver the "shoats" at the farm of plaintiff, and come to plaintiff's office next day and he would pay him. This the defendant did, but when he came to get his money, plaintiff said you owe me $37.00 on an old debt, which I will deduct and pay you the balance in cash. Defendant denied that he owed the plaintiff anything, and stated that the debt had been paid by the person who contracted it and for whom defendant had stood surety. He said he must have his property or his money. He went to the farm and got the shoats; he says, with the consent of plaintiff's son-in-law, Mr. Neyle, who was in charge of the farm. The cardinal and primary issue in the case is: Was there a valid contract? Did the minds of the parties meet on the terms of the contract of sale and purchase?

The plaintiff testified that he never intended to pay cash for the "shoats," that he intended to deduct from the purchase price the amount of the old debt, which he claimed the defendant owed him, but which the defendant denied that he owed. Plaintiff did not inform defendant of this purpose. It is clear that defendant did not anticipate this purpose. He testified that he was selling the pigs to get money to pay his taxes.

On the appeal to the Court of Common Pleas, the Circuit Judge found that the shoats were sold and delivered to plaintiff on credit, and that the title vested in plaintiff. We think this was error. The minds of the parties never met on the terms of sale, and, hence, there was no valid contract. This is the statement of a fundamental principle of law which does not need the citation of authorities to buttress it.

Mr. Jennings did not intend to pay cash for the pigs, but he did not inform Mr. Brice of this fact. Mr. Brice was selling the pigs for cash to get money to pay his taxes. On one of the most essential terms of the contract, to wit, the method of payment, the minds of the parties were not in accord.

It is needless to consider the other exceptions. The judgment of the Circuit Court is reversed and the judgment of the Magistrate's Court is affirmed.

Messrs. Justices Carter and Fishburne and Mr. Acting Associate Justice L. D. Lide concur.